NORMAN ZAHN, Respondent, v. GULF OIL CORPORATION, Appellant.— In an action to recover damages for personal injuries, it appears that the respondent was engaged in removing a leaking gasoline tank from an automobile, from which gasoline flowed into the pit in which he was working; that, in order to remove water and gasoline from the bottom of this pit, he threw on the switch of an electric motor connected with a pump; that thereupon a fire occurred in which the respondent was injured. The appellant had made repairs to the equipment in question. Judgment entered on the verdict of a jury in favor of respondent reversed on the law and the facts and a new trial granted, with costs to abide the event. It was error to admit, and later to refuse to strike out,

the testimony of an assistant fire marshal as to the cause of the fire, as it was not based upon an examination of the equipment, or personal knowledge of the manner of the happening of the accident, but upon hearsay only. Adel, Wenzel, MacCrate and Schmidt, JJ., concur; Carswell, Acting P. J., dissents and votes to affirm on the ground that the error may be disregarded under section 105 of the Civil Practice Act.